UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAT DARWIN CAUDILL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:22-cv-01154-CDB (SS)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ACTION PURSUANT TO SENTENCE FOUR OF 42 U.S.C. §405(g)<br><br>(Doc. 16) |

Plaintiff Pat Darwin Caudill ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for disability benefits under the Social Security Act ("SSA" or "Act"). (Doc. 1). The matter is before the Court on the Administrative Record (Doc. 15, hereinafter "AR") and the parties' briefs (Docs. 16, 17, 19), which were submitted without oral argument. Upon review of the record, the Court finds and rules as follows.[1]

**I.    BACKGROUND**

    **A.    Administrative Proceedings and ALJ's Decision**

On April 18, 2019, Plaintiff filed an application for a period of disability and disability insurance benefits with an alleged onset date of May 15, 2007. (AR 15). Plaintiff's claim was

---

[1] On September 14, 2022, after the parties consented to the jurisdiction of a U.S. Magistrate Judge for all further proceedings pursuant to 28 U.S.C. § 636(c)(1), this action was reassigned to a U.S. Magistrate Judge. (Doc. 12).

initially denied on June 26, 2019, and again upon reconsideration on October 25, 2019. *Id.* Plaintiff requested a hearing before an Administrative Law Judge on November 12, 2019. *Id.* Lisa B. Martin, the Administrative Law Judge ("ALJ"), held a telephone hearing on May 4, 2020, wherein Plaintiff, his non-attorney representative Diana P. Wade, and impartial vocational expert Morian I. Hyatt, all testified. *Id.* The ALJ issued an unfavorable decision on May 26, 2020, finding Plaintiff was not disabled. (AR 12, 17-24). The Appeals Council denied Plaintiff's request for review on July 6, 2020, rendering the ALJ's decision as the final decision of the Commissioner. (AR 1). Plaintiff subsequently filed this action seeking judicial review of the ALJ's decision. (Doc. 1).

In the decision, the ALJ considered Plaintiff's claims using the five-step sequential evaluation required by 20 C.F.R. § 416.920(a). (AR 17-24). The ALJ found that Plaintiff last met the insured status requirements of the Social Security Act ("Act") on December 31, 2013. (AR 17). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 15, 2007, the alleged onset date, through his date last insured on December 31, 2013. (AR 18).

At step two, the ALJ found that Plaintiff had the following medically determinable impairments ("MDIs") through the date last insured which significantly limit the ability to perform basic work activities as required by Social Security Ruling ("SSR") 85-28: lumbar spine disorder; headaches; sleep apnea; depression; anxiety; and post-traumatic stress disorder ("PTSD"). *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment, or any combination of impairments, that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). *Id.* The ALJ considered the severity of Plaintiff's mental impairments, singly and in combination, finding it did not meet or medically equal the criteria of listings 12.04, 12.06, and 12.15. *Id.* In making this finding, the ALJ considered whether the four broad functional areas of mental functioning listed in the "paragraph B" criteria are satisfied.[2] Because Plaintiff's mental

---

[2] The "paragraph B" criteria evaluate mental impairments in the context of four broad areas of functioning: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. § Pt. 404, Subpt. P, App. 1. The severity of the limitation a claimant has in each of the four areas of functioning is identified as either "no limitation," "mild," "moderate," "marked," or "extreme." (*Id.*). To satisfy the paragraph B criteria, a claimant must have an "extreme" limitation

impairments did not cause at least two "marked" limitations or one "extreme" limitation, the ALJ found the paragraph B criteria were not satisfied. (AR 19). The ALJ also found that the evidence in this case fails to establish the presence of "paragraph C" criteria.[3]

Prior to step four, the ALJ found that Plaintiff has the RFC to perform a full range of light work as defined in 20 C.F.R. 404.1567(b) except that:

> [Plaintiff] was limited to 4 hours of standing/walking, the rest sitting, in an eight hour workday, was precluded from all climbing of ladders, ropes, and scaffolds, and was limited to performing all other postural motions occasionally. [He] was limited to moderate noise work environments, and was precluded from all exposure to dangerous work hazards (such as unprotected heights and expose moving machinery). [He] was limited to detailed, but not complex, work tasks, work not requiring a fast assembly quota pace as defined at hearing, and work allowing for some off task behavior of up to 3% of the day due to momentary symptom distractions. Finally, [he] would miss work up to one day a month on an unscheduled basis due to increased symptoms.

(AR 19). In considering Plaintiff's symptoms and the extent to which these symptoms can reasonably be accepted as consistent with objective medical evidence and other evidence, the ALJ noted she followed the two-step process as set forth in 20 C.F.R. § 404.1529 and SSR 16-3p, and 20 C.F.R. § 404.1520c. *Id.* The ALJ found "after careful consideration of the evidence" that Plaintiff's MDIs could reasonably be expected to cause the alleged symptoms but that his statements concerning the intensity, persistence, and limiting effects of symptoms are not entirely consistent with the medical evidence and other record evidence. (AR 20). Following the ALJ's

---

in at least one of the areas of mental functioning, or a "marked" limitation in at least two of the areas of mental functioning. (*Id.*). An "extreme" limitation is the inability to function independently, appropriately, or effectively, and on a sustained basis. (*Id.*). A "marked" limitation is a seriously limited ability to function independently, appropriately, or effectively, and on a sustained basis. (*Id.*). A "moderate" degree of mental limitation means that functioning in this area independently, appropriately, effectively, and on a sustained basis is "fair." (*Id.*) And a "mild" degree of mental limitation means that functioning in this area independently, appropriately, effectively, and on a sustained basis is "slightly limited." (*Id.*); *see Carlos v. Comm'r of Soc. Sec.*, No. 1:21-cv-00517-SAB, 2023 WL 1868870, at *4 n.7 (E.D. Cal. Feb. 9, 2023).

[3] "Paragraph C," subsection (1) requires a "highly structured setting that is ongoing that diminishes the signs and symptoms of [Plaintiff's] mental disorder." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.04(C)(1). "Paragraph C," subsection (2) requires that Plaintiff "have minimal capacity to adapt to changes in [Plaintiff's] environment or to demands that are not already part of [Plaintiff's] daily life." (*Id.* at subsection (C)(2)).

discussion of the evidence, she found that during the period in question, Plaintiff was capable of performing light exertion with the additional postural, environmental, and mental restrictions as specified in the RFC as noted above. (AR 22). The ALJ further found that there is no medical evidence or any opinion from a treating or examining source during the relevant period showing any greater limitations. *Id.* The ALJ noted that though the opinions of disability determination service medical consultants indicated Plaintiff did not have severe physical or mental impairments, she found the opinions unpersuasive given VA records showed treatment for Plaintiff's disorders as described in her opinion. *Id.* (citing Exhibits ("Ex.") 1A, 3A).

At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work based on his documented vocational background and the vocational expert's testimony. (AR 22). The ALJ found that Plaintiff is a younger individual on the date last insured pursuant to 20 C.F.R. § 404.1563 and has at least a high school education and is able to communicate in English. *Id.* The ALJ determined that using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is not disabled regardless of whether he has transferable job skills. *Id.* (citing SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. (AR 23). The ALJ cited to order clerk and document specialist based on the testimony of the vocational expert. *Id.* The ALJ therefore concluded a finding of "not disabled" was appropriate under sections 216(i) and 223(d) of the Act through December 31, 2013, the last date insured. (AR 24).

**B.    Medical Record and Hearing Testimony**

The relevant hearing testimony and medical record were reviewed by the Court and will be referenced below as necessary to this Court's decision.

**II.    LEGAL STANDARD**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence"

4

means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted). "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

The court will review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which she did not rely. Social Security Act § 205, 42 U.S.C. § 405(g). In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id.* An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

A claimant must satisfy two conditions to be considered "disabled" and eligible for benefits within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the

Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id*.

At step three, the Commissioner compares the claimant's impairment to impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity," defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)).

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. *Id.* If the claimant is

capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id*.

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

### III. ISSUES AND ANALYSIS

Plaintiff seeks judicial review of the Commissioner's final decision denying her application and raises the following issues: (1) whether the ALJ satisfied the Commissioner's burden at step five of the sequential evaluation; (2) whether the ALJ impermissibly rejected Plaintiff's subjective symptom testimony; and (3) whether Plaintiff is meets all three parts of the credit-as-true test to entitle him to an order for the payment of benefits rather than a remand. *See generally* (Doc. 16).

Defendant concedes that the ALJ's decision is not supported by substantial evidence. (Doc. 19 at 2). Defendant notes that on March 14, 2023, counsel for the Commissioner offered to remand this matter for further proceedings, but the parties have been unable to agree to settlement. *Id.*

The Court agrees with Defendant that in light of Defendant's concession that the ALJ failed to support her decision with substantial evidence—which the Court construes as a concession that the ALJ erred its burden at step five of the sequential evaluation and in impermissibly rejecting Plaintiff's subjective symptom testimony—the "only remaining issue for this Court is [the] remedy"—either for a payment of benefits as Plaintiff prefers, or a remand for further proceedings. *Id.*; *see id.* at 5, n. 3.

#### A. Proper Remedy

##### 1. Parties' Contentions

Plaintiff seeks an order for the payment of benefits or, in the alternative, for remand for the correction of legal errors. (Doc. 16 at 19-20). Plaintiff contends that under the three-part credit-as-true test, he is entitled to a remand for payment of benefits. *Id.* at 19. He contends that the ALJ

did not provide any legally sufficient reasons for rejecting his testimony. *Id.* Second, he asserts the record is "fully developed, … free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (citing *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (quotation omitted)). Third, he argues that because there are no serious doubts from the record as a whole that he is disabled, the Court may therefore award the immediate payment of benefits. *Id.* at 19-20. Plaintiff argues that in the alternative, the Court should remand for the correction of legal errors. *Id.* at 20.

Defendant argues that the proper remedy is to remand for further proceedings based on the existing record as Plaintiff cannot satisfy the three conditions of the "credit-as-true" test. (Doc. 19 at 5). Defendant contends the in the Ninth Circuit, remand for payment of benefits is granted only in the rare circumstances "where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." *Id.* (citing *Treichler v. Comm'r*, 775 F.3d 1090, 1100 (9th Cir. 2014) (quotation omitted)). Defendant argues that here, "the benign objective evidence, Plaintiff's daily activities, and the opinion evidence show that outstanding issues do exist and these issues create serious doubt that Plaintiff is disabled." *Id.* at 6. Defendant further argues that further proceedings could remedy factual issues raised Plaintiff's filing, including of the ALJ's discussion of his daily activities and whether the medical evidence contracts the ALJ's analysis. *Id.* at 7.

2.    Governing Authority

"The decision whether to remand for further proceedings or simply to award benefits is within the discretion of court." *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (*quoting Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (emphasis omitted). On the other hand, if the record has been fully developed such that further administrative proceedings would serve no purpose, "the district court should remand for an immediate award of benefits." *Id.* However, a remand for an immediate award of benefits is appropriate only in rare circumstances. *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015).

In the Ninth Circuit, a three-part credit-as-true test must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether a plaintiff's testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the plaintiff disabled on remand. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

### 3. Analysis

Given Defendant's concession that the ALJ failed to support her decision with substantial evidence, which the Court construes as an admission that the ALJ erred on the two issues raised in his motion for summary judgment, the Court finds that error is established such that the Court has discretion to remand or reverse and award benefits. *Morales v. Berryhill*, 239 F. Supp. 3d 1211, 1219-20 (E.D. Cal. 2017) (citing *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989)). "Even where all the conditions for the 'credit-as-true' rule are met, the [C]ourt retains 'flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether [plaintiff] is, in fact, disabled within the meaning of the Social Security Act.'" *Id.* (quoting *Garrison*, 759 F.3d at 1021); *see Dominguez*, 808 F.3d at 407 ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); *Treichler*, 775 F.3d at 1105 ("Where … an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, in applying the three-part "credit-as-true" test under *Garrison*, the Court finds that remand for further proceedings is warranted because additional administrative proceedings may remedy the deficiencies in the ALJ's decision for lack of support by substantial evidence, and because the record creates doubt as to whether Plaintiff is disabled. *Morales*, 239 F. Supp. 3d at 1219-20.

While the Court acknowledges that the record appears to be fully developed as it includes multiple medical opinions, medical evidence, Plaintiff's testimony, and the testimony of a

vocational expert, (*see Morales*, 239 F. Supp. 3d at 1220), "there are outstanding issues requiring resolution before considering whether to hold [Plaintiff's] testimony is credible as a matter of law[,]'" (*Dominguez*, 808 F.3d at 409 (citing *Treichler*, 775 F.3d at 1105)). *See Dominguez*, 808 F.3d at 409 ("If such outstanding issues do exist, the [Court] cannot deem the erroneously disregarded testimony to be true; rather, the [Court] must remand for further proceedings."). The Court finds that review of the record raises serious doubts as to whether Plaintiff is in fact disabled due to her impairments. In the record, two agency physicians noted in an initial disability determination explanation note that Plaintiff has "severe" migraines and "non severe" disorders of back-discogenic and degenerative ("DDD") but ultimately determined that Plaintiff is "not disabled." (AR 63, 66). In a disability determination explanation note on reconsideration, Dr. Kevin Gregg noted that he does not see "objective evidence of significant functional limitation" and indicated that "psych NOT severe." (AR 74). The same note indicated Plaintiff's impairments of depressive, bipolar, and related disorders are "non severe," assessed only environmental limitations on Plaintiff, and again determined that, based on the documented findings, that Plaintiff is "not disabled." (AR 75, 77, 78). These disability determination notes raise doubt as to Plaintiff's allegations of disability and warrant further consideration to determine whether such medical opinion evidence may properly be considered in determining whether Plaintiff is disabled.

Therefore, further administrative proceedings would be useful for the ALJ to properly consider this medical opinion evidence and other evidence in the record and to further develop the record as necessary to address Plaintiff's claim of disability. *See, e.g.*, *Dominguez*, 808 F.3d at 409 (concluding that the district court did not err in remanding for further proceedings as outstanding factual issues, including inconsistencies noted within and among treatment notes, were reflected in the record); *Hoskins v. Comm'r of Soc. Sec.*, No. 1:17-cv-01520-LJO-SAB, 2019 WL 423128, at *14 (E.D. Cal. Feb. 4, 2019) ("Upon remand the ALJ shall obtain additional medical opinion evidence as to Plaintiff's physical functioning from a consultative examiner or a medical expert, and further develop the record as deemed necessary."); *Boyd v. Comm'r of Soc. Sec.*, No. 1:17-cv-00021-SAB, 2017 WL 5167656, at *7 (E.D. Cal. Nov. 8, 2017) (remanding for further proceedings where "the medical record was inadequate to determine Plaintiff's functional limitations and the

ALJ should have sought additional evidence to evaluate Plaintiff's functional capacity with his limitations."). *Cf. Garrison*, 759 F.3d at 1022 (remanding for a calculation and award of benefits where defendant failed to "point to anything in the record that the ALJ overlooked and explain how that evidence casts into serious doubt Garrison's claim to be disabled.").

### IV. CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for summary judgment (Doc. 16) is GRANTED;
2. The ALJ's decision (Doc. 15) is REVERSED;
3. This matter is REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for further proceedings consistent with this decision; and
4. The Clerk of the Court is DIRECTED to enter judgment in favor of Plaintiff Pat Darwin Caudill and against Defendant Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **September 23, 2025**              _____
                                              UNITED STATES MAGISTRATE JUDGE